UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DWANVAE PEARSON,<br><br>                        Plaintiff,<br>    v.<br>G. CARPENTER, *et al.*,<br><br>                        Defendants. | Case No. 3:21-cv-00204-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Dwanvae Pearson, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed *in forma pauperis* and has filed a motion to amend his civil rights complaint ("Motion"). (ECF Nos. 1, 10, 10-2.) The matter of the filing fee will be temporarily deferred. The Court now addresses Pearson's Motion and screens Pearson's proposed amended civil rights complaint under 28 U.S.C. § 1915A.

**I.    MOTION TO AMEND THE COMPLAINT**

In its screening order on Pearson's original complaint, the Court granted Pearson leave to amend. (ECF No. 8 at 9, 12.) Pearson has also filed a motion to amend the complaint even though the Court already granted him permission to amend the complaint. (ECF No. 10.) The Court therefore grants Pearson leave to file the First Amended Complaint (ECF No. 10-2).

An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint here is the First Amended Complaint, and the Court will screen the First Amended Complaint in accordance with 28 U.S.C. § 1915A.

///

///

## II.     SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d

756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.     SCREENING OF FIRST AMENDED COMPLAINT

In its original screening order, the Court informed Pearson that: "If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in

3

itself. *See Hal Roach Studios, Inc.*, 896 F.2d at 1546 (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original")." (ECF No. 8 at 10.) Therefore, in determining whether Pearson states a colorable claim, the Court may look only at the allegations in the FAC and not at any other documents such as a prior complaint.

In its original screening order, the Court also told Pearson: "For each Defendant, he must allege facts sufficient to show that the particular Defendant violated Plaintiff's civil rights. The Court must be able to understand the particular factual basis for a claim against a particular defendant. Vague, conclusory, or collective allegations will not be sufficient." (*Id.* at 11.)

Pearson has not complied with these instructions, and he has not stated a colorable claim in the First Amended Complaint.

In its original screening order, the Court explained[1] that, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court notes that the complaint form that the Court provided to Pearson explicitly calls for plaintiffs to explain, for each defendant, how that defendant was acting under color of state law. Under Local Special Rule 2-1, a civil rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by the Court or must be legible and contain substantially all the information called for by the Court's form.

Pearson did not use that form or provide the information called for by that form. The First Amended Complaint identifies G. Carpenter as a defendant in the caption. (ECF No. 10-2 at 1.)  G. Carpenter is the only person identified as a defendant in the First Amended Complaint, and therefore is the only person that is currently a defendant in this action. The First Amended Complaint does not allege facts showing that G. Carpenter was acting under color of state law. In fact, other than listing G. Carpenter in the caption, the First Amended Complaint does not even mention G. Carpenter's name. The First

---

[1] *See* ECF No. 8 at 1-2.

Amended Complaint instead refers collectively to "defendants," even though there is only one defendant and even though the Court told Pearson that he must allege facts sufficient to show what each particular defendant did to violate his civil rights.

Accordingly, Pearson does not state a colorable claim against the only defendant, G. Carpenter. The Court therefore dismisses the First Amended Complaint. The Court will dismiss the First Amended Complaint without prejudice and will give Pearson an opportunity to file a second amended complaint that states a colorable claim.

If Pearson files a Second Amended Complaint, that complaint should not provide legal citations or legal arguments or collective or conclusory allegations. Rather, in compliance with Rule 8(a) of the Federal Rules of Civil Procedure, the complaint must include a short and plain statement of facts that plausibly could show that Pearson states a colorable claim that could entitle him to relief. When determining whether Pearson states a colorable claim against a defendant, the Court will not rely on legal arguments, case citations, or collective and conclusory allegations. The Court will determine whether Pearson states a colorable claim based only on the factual allegations.

Pearson is once again advised that an amended complaint replaces any earlier complaint. Thus, the second amended complaint must be complete in itself. The Court explicitly warns Pearson that, if Pearson fails to comply with the Court's rules and orders or if the Second Amended Complaint itself does not allege facts sufficient to state a colorable claim, the Court will dismiss this entire action and close this case. When determining whether the Second Amended Complaint states a colorable claim, the Court will not consider any factual allegations in any other document, such as a motion or a prior complaint.

Pearson is strongly advised to use the Court's § 1983 form for any Second Amended Complaint. Even if he does not use the form, he must comply with the instructions on the form and must provide the information called for by the form. If Pearson wishes for a person to be a defendant in this action, the second amended complaint must name that person as a defendant, provide the information about that defendant called for

by the complaint form, and allege facts sufficient to state a colorable claim against that particular defendant. For each Defendant, Pearson must allege facts sufficient to show that particular Defendant violated Pearson's civil rights. The Court must be able to understand the particular factual basis for a claim against a particular defendant. Pearson may not amend the complaint to add unrelated claims against other defendants.

Pearson should review the Court's prior screening order (ECF No. 8) because any second amended complaint must be consistent with that order. Furthermore, the second amended complaint may not include claims that the Court dismissed with prejudice in its original screening order.

Pearson does not need to file a motion to file a second amended complaint because the Court already is giving him permission to file a second amended complaint here. Pearson can simply file the second amended complaint without a motion.

The amended complaint must be entitled "Second Amended Complaint."

The Court notes that, if Pearson chooses to file a second amended complaint, he must file the second amended complaint within 30 days from the date of entry of this order. If Pearson does not timely file a second amended complaint, this action will be dismissed with prejudice.

**IV.    CONCLUSION**

It is therefore ordered that a decision on Pearson's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that Pearson's motion to file an amended complaint (ECF No. 10) is granted. The operative complaint is the First Amended Complaint (ECF No. 10-2).

It is further ordered that the First Amended Complaint (ECF No. 10-2) is dismissed in its entirety without prejudice and with leave to amend.

It is further ordered that, if Pearson chooses to file a second amended complaint, he shall file the second amended complaint within 30 days from the date of entry of this order.

///

The Clerk of the Court is directed to send Pearson the Court's previous screening order (ECF No. 8), the approved form for filing a § 1983 complaint, and instructions for the same. If Pearson chooses to file a second amended complaint, he should use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Pearson fails to file a timely second amended complaint, this action will be dismissed with prejudice.

DATED THIS 17th Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE