UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DWANVAE PEARSON,<br><br>    Plaintiff<br><br>v.<br><br>G. CARPENTER, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00204-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to update his contact information.

**I. BACKGROUND**

Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983, when he filed this action. The court screened his second amended complaint (SAC), and the court allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against G. Carpenter, D. Jones, S. Ray, M. Minev, Dr. Martin, and Warden Gittere. (ECF No. 14.)[1]

On November 10, 2022, Defendants' reply brief was returned as undeliverable with a notation that Plaintiff had been paroled. (ECF No. 44.) On April 17, 2023, the court issued an order advising Plaintiff that under Local Rule IA 3-1, he is required to immediately file a written

---

[1] Defendants Carpenter and Ray were subsequently dismissed without prejudice due to lack of timely service under Federal Rule of Civil Procedure 4(m). (ECF No. 35.)

notification of any change in his contact information, and a failure to do so may result in dismissal of the action, entry of default judgment or other sanction deemed appropriate by the court. Plaintiff was given until May 8, 2023, to file and serve his updated contact information as well as a notice of his intent to continue to prosecute this action. He was cautioned that a failure to do so would result in a recommendation that this actin be dismissed with prejudice. (ECF No. 45.) That order was also returned as undeliverable. (ECF No. 46.)

Plaintiff has not timely filed a notice of change in his contact information. Nor has he otherwise indicated an intent to continue to prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule IA 3-1 requires a party to immediately file written notification of a change in contact information, and the failure to do so may result in the imposition of sanctions, including dismissal.

Plaintiff has not filed written notification of his change of contact information. Nor has he otherwise indicated an intent to continue prosecuting this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to update his contact information and further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b) as well as under Local Rule IA 3-1.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motions (ECF Nos. 36, 37).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 9, 2023

_____
Craig S. Denney
United States Magistrate Judge